UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

JOHN DAVID BUCHANAN                                                                                  PLAINTIFF

v.                                                                        CIVIL ACTION NO. 1:16CV-92-GNS

UNITED STATES GOVERNMENT                                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff John David Buchanan, proceeding *in forma pauperis*, filed a *pro se* complaint on a general complaint form (DN 1). For the reasons that follow, this action will be dismissed for lack of subject-matter jurisdiction.

**I.**

Plaintiff brings this action against the United States Government. Plaintiff indicates that this Court's jurisdiction is based on there being a federal question. As the basis for federal question jurisdiction, Plaintiff states "Right to fair treatment under the law." As relief, Plaintiff seeks "compensation payment for such action as long term detainment, for the amount deemed by law, for separation payment, lump sum payment for long term serve." Elsewhere in the complaint, he states that $80,000.00 "will satify claim."

In the statement of claim section of the complaint, Plaintiff states as follows: "The United States Government refused to pay me compensation monies, separation pay, lump sum payment, after long term detainment incarceration by the Department of Corrections, that resulted in acquired disability, loss of livelihood. Serve date 7-20-1993 – 4-15-2014."

**II.**

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the

duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Id.* at 606. The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377.

It is well-settled that the United States is immune from suit unless there is an explicit waiver of sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The principle of sovereign immunity shields the government and its agencies from suit. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). Any waiver of sovereign immunity must be "unequivocally expressed" in the statutory text and cannot be implied. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (citation omitted). Plaintiff has the burden to demonstrate that a waiver of sovereign immunity exists permitting his action against the United States to proceed. *Morris v. United States*, 540 F. App'x 477, 483 (6th Cir. 2013). If Plaintiff "cannot identify a waiver [of sovereign immunity], the claim must be dismissed on jurisdictional grounds." *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

In the present case, Plaintiff indicates that this Court's jurisdiction is based on there being a federal question. As the basis for federal question jurisdiction, Plaintiff states "Right to fair treatment under the law." The federal question jurisdictional statute alone "is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain." *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).

Moreover, to the extent that Plaintiff is attempting to allege a claim under the Federal Tort Claims Act (FTCA), a FTCA claim is only permitted against a federal agency where the Plaintiff has named the United States as the proper defendant and has exhausted his administrative remedies by filing an administrative claim under the FTCA prior to filing a federal lawsuit. The FTCA requires a plaintiff to exhaust his administrative remedies before filing suit, and no federal jurisdiction may attach absent compliance with the exhaustion requirement. 28 U.S.C. § 2675(a); *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508,

514-15 (6th Cir. 1974). Plaintiff has not indicated that he has filed any claim under the FTCA, and a failure to do so "results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

For the foregoing reasons and Plaintiff having failed to establish this Court's subject-matter jurisdiction, the Court will dismiss this action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date: October 11, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendant
4416.003

4